## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## SOUTH BEND DIVISION

| | |
|---|---|
| JEREMIE SHENEMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:14 CV 1611 |
| | ) |
| DAVID P. JONES, and NEWBY, LEWIS, | ) |
| KAMINSKI, JONES, LLP, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Jeremie Sheneman, a *pro se* prisoner, brings this diversity action alleging that his co-defendant's criminal defense attorney (and the law firm for which that attorney worked) committed legal malpractice during the representation of that co-defendant during their joint federal criminal trial: *United States v. Sheneman*, 3:10-CR-126 (N.D. Ind. filed October 13, 2010). "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, the court must review prisoner complaints pursuant to 28 U.S.C. § 1915A.

"Under Indiana law, the elements of legal malpractice are: (1) employment of an attorney, which creates a duty to the client; (2) failure of the attorney to exercise ordinary skill and knowledge (breach of the duty); and (3) that such negligence was the proximate cause of (4) damage to the plaintiff." *Van Kirk v. Miller*, 869 N.E.2d 534, 540-541 (Ind. Ct. App. 2007) (quotation marks and citations omitted). Here, neither

David P. Jones, nor his law firm, were employed by Jeremie Sheneman. Therefore Sheneman has not stated claim for legal malpractice and this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

**SO ORDERED.**

Date: June 6, 2014

s/James T. Moody<br>JUDGE JAMES T. MOODY<br>UNITED STATES DISTRICT COURT